Raymond J. DONOVAN, Secretary of Labor, et al., Plaintiffs,

v.

UNITED COUNTIES CARPENTERS DISTRICT COUNCIL, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA AFL–CIO, Defendant.

No. C80–1976Y.

United States District Court,
N.D. Ohio, E.D.

March 22, 1983.

John J. Horrigan, Asst. U.S. Atty., Alan Belkin, Cleveland, Ohio, Alan G. Ross, Lorain, Ohio, for plaintiffs.

Eugene Green and Ronald E. Slipski, Youngstown, Ohio, for defendant.

MEMORANDUM OPINION

DOWD, District Judge.

The Court has for consideration the Labor Secretary's Motion for Summary Judg-

ment, filed on December 18, 1981, and plaintiff intervenor Moore's Motion for Summary Judgment, filed on November 9, 1981. For the reasons stated below, both Motions are sustained. Because the arguments in support of the two Motions are quite similar, the Court will discuss and analyze the Secretary's Motion only.

## FACTS

This action was brought by the Secretary pursuant to § 402 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482, (hereinafter LMRDA or Act) against United Counties Carpenters District Council (hereinafter District Council) to set aside the District Council's June 1980 regularly scheduled election for the Office of Executive Secretary. James Moore, plaintiff intervenor in this action, was a member of Local 171 and the incumbent Executive Secretary of the District Council.

Moore was suspended from his office of Executive Secretary on March 27, 1980, because John White, another member of Local 171, had filed various charges[1] against Moore. The District Council trial committee tried Moore on White's charges from March 26 until March 31, 1980. The trial committee found Moore guilty of the charge of violating "the obligation" but not guilty of the charge of misappropriating union funds. The sentence recommended by the trial committee was to reprimand Moore and to caution that he should "cooperate fully with all officers of [the] Brotherhood to help avoid future misunderstandings (deposition of Devine at pp. 31, 35–40). William Konyha, General President of the United Brotherhood of Carpenters and Joiners of America, AFL–CIO (hereinafter United Brotherhood), subsequently declared

a mistrial of the trial held from March 26 to March 31, 1980. (Moore's affidavit).

In late April 1980, after Konyha declared a mistrial, Anthony Ochocki, a member of the General Executive Board of the United Brotherhood, filed new charges against Moore on May 6, 1980, Konyha informed Moore that pursuant to paragraph 21 of the United Brotherhood Rules of Procedure,[2] he had been suspended from his office of Executive Secretary by the General Executive Board of the United Brotherhood because of the charges filed against Moore by Ochocki. Subsequently on May 22, 1980, the Election Committee of the District Council, declared Moore ineligible to stand as a candidate for District Council Executive Secretary in the June 1980 election.

Two locals governed by the District Council, Local 186 and Local 268, nominated Moore on May 19, 1980, and May 20, 1980, respectively, as their candidate for the office of Executive Secretary of the District Council. Despite Moore's nomination, the Election Committee's May 22, 1980 ruling prevented him from being a candidate for Executive Secretary in the June 1980 election. Locals 186 and 268 did not nominate another candidate for the office of Executive Secretary.

The election took place on June 13, 1980 as scheduled, but Moore's name did not appear on the ballot. He was not elected to the office of Executive Secretary.

Moore was tried on the Ochocki charges[3] from November 5 to November 8, 1980, and found guilty (Charles Ivan affidavit). Judge William Thomas subsequently enjoined punitive action against Moore as a result of the Ochocki charges, and ordered that the "National Union and/or its local unions restore plaintiff [Moore] to his full membership rights in the defendant Nation-

---

1. White charged Moore with misappropriating union funds and with violating "the obligation" (Harold Devine, chairman of Moore's trial committee, in his deposition said that the latter charge was for co-mingling his money with that of the District Council (pp. 38–41 of Mr. Devine's deposition).).

2. Paragraph 21 states as follows:

An officer, business representative, delegate or committeeman against whom charges are filed may be suspended from such office or position by majority vote of the General Executive Board, excluding any member who filed such charges, while the case is pending.

3. The Court is unaware of the content of the Ochocki charges.

al Union and/or its local unions." *Moore v. United Counties Carpenters District Council,* No. C80–1693Y (N.D. Ohio, Oct. 6, 1981) (order granting preliminary injunction.)[4]

## PROCEDURAL BACKGROUND

The Secretary filed his complaint with this Court on October 24, 1980. The only defendant named in the Secretary's complaint is the District Council. Moore filed a Motion to Intervene as Plaintiff on March 11, 1981. The Court granted Moore's Motion to Intervene on April 17, 1981. Local 186 filed a Motion to Intervene as Plaintiff on August 24, 1981. The Court granted Local 186's Motion to Intervene on September 24, 1981. On October 28, 1981, the Secretary filed a Motion for Reconsideration of the Court's order granting Local 186's Motion to Intervene. Defendant District Council filed a Motion to Dismiss Local 186's complaint on November 2, 1981. By order dated March 22, 1983, this Court denied the Secretary's Motion for Reconsideration and granted the District Council's Motion to Dismiss. This opinion deals with the two pending Motions for Summary Judgment.

## CONTENTIONS OF THE PARTIES

The Secretary contends that the District Council violated Title IV of the Act, specifically 29 U.S.C. § 481(e), by denying Moore the right to be a candidate for the office of Executive Secretary, because Moore was a member in good standing. The Secretary also argues that the District Council, by prohibiting Moore from standing as a candidate in the June 1980 election, disciplined Moore without affording him the proper procedural safeguards, contrary to 29 U.S.C. § 411(a)(5). As a result, the Secretary contends that the June election is void.

Defendant District Council argues in response that the language of 29 U.S.C. § 482(c)[5] dictates that summary judgment is never appropriate in a suit involving Title IV of the LMRDA. Alternatively, the District Council contends that Moore was not a "member in good standing" because he had been suspended from his office of Executive Secretary. The District Council also argues that Moore was not qualified for office because (1) he had been charged and found guilty of those charges by the District Council; (2) he had been charged and found guilty by the United Brotherhood; and (3) because he was charged with committing a serious offense—misappropriation of funds—against the union. Because of the claimed existence of two issues of material fact (whether Moore was a member in good standing and whether he was qualified), the District Council contends that the Secretary is not entitled to summary judgment.

The District Council's next contention is that 29 U.S.C. § 411(a)(5) is inapplicable to this case because Moore was an officer and Title I (including § 411(a)(5)) applies to the member/union relationship not the officer/union relationship.

As its last argument, the District Council claims that even if § 411(a)(5) is applicable to Moore as an officer, summary judgment is inappropriate because an issue of material fact still exists: whether Moore was "afforded a full and fair hearing" in compliance with § 411(a)(5).

## DISCUSSION OF APPLICABLE LAW

█ The Court must first consider the District Council's claim that summary judgment is never appropriate in a case involving Title IV of the LMRDA, based on the language in 29 U.S.C. § 482(c).[6] As the Secretary pointed in his brief in response to

---

**4.** Moore presumably filed this action pursuant to § 102 of the LMRDA, 29 U.S.C. § 412 (Title I), in response to his expulsion by the United Brotherhood.

**5.** That section states in pertinent part as follows:

(c) If, *upon a preponderance of the evidence after a trial upon the merits,* this court

finds . . . (2) that the violation of section 481 of this title may have affected the outcome of an election, the court shall declare the election, if any, to be void and direct the conduct of a new election. . . .

29 U.S.C.A. § 482(c) (1975) (emphasis added).

**6.** *See supra* note 5 and accompanying text.

the District Council's brief, the District Council's position has been flatly rejected:

> If there are no material facts which are contested it would be sheer folly to require the expense and delay of a trial when other methods of resolution are available. Finally, Rule 56 itself has strict requirements which must be satisfied before summary judgment can be granted. Thus, we hold that there is nothing inherent in § 402 [29 U.S.C. § 482(c)] which requires a trial in every case.

*Brennan v. Local Union No. 639, International Brd. of Teamsters,* 494 F.2d 1092, 1096 (D.C.Cir.1974), *cert. denied* 429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573 (1977); *see Usery v. International Org. of Masters, Mates and Pilots,* 538 F.2d 946, 949 n. 5 (2d Cir.1976); *see also Hodgson v. District 6, UMW,* 474 F.2d 940 (6th Cir.1973) (Sixth Circuit reversed district court and granted summary judgment to the Secretary). Accordingly, this Court is authorized to grant summary judgment in this action if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. This Court, however, cannot resolve disputed issues of material fact. If such issues exist, this Court must deny the motion for summary judgment and proceed to trial. *E.g. In Re Altas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir.1982); *Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir.1976).

Section 401(e) of the LMRDA states as follows:

> (e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and *every member in good standing shall be eligible to be a candidate and to hold office (subject* to section 504 of this title and *to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice,* ....

29 U.S.C.A. § 481(e) (1975) (emphasis added).[7] To prevail, the Secretary must demonstrate that Moore was a "member in good standing" during the months prior to the election and that Moore qualified according to the District Council's reasonable qualifications uniformly imposed.[8]

A "member in good standing" as it is used in 29 U.S.C. § 481(e), is defined at 29 U.S.C. § 402(*o*) as follows:

> (*o*) "Member" or "member in good standing," when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.

The District Council does not argue that Moore has not fulfilled the requirements of membership in the District Council or Local 171. The District Council does not contend that Moore voluntarily withdrew from membership. The District Council also does not claim that Moore was expelled or suspended from *membership* after appropriate proceedings. The District Council's only claim in support of its conclusion that Moore was not a member in good standing is that Moore was suspended from his *office of Executive Secretary* after appropriate proceedings. The District Council's declaration that Moore was not a member in good standing because he was suspended from office has no relevance to the statutory definition of a "member in good standing" pursuant to the statute. The District Council has the *power* to suspend the membership of a union member. The District Council has the *right* to suspend the membership of a union member only if the District Council has provided that member with "appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.

---

7. All parties agree that the District Council's June 1980 election was subject to § 481(e).

8. The District Council is not relying on § 504 to justify its decision to prohibit Moore's candidacy.

C.A. § 402(*o*) (1975).[9] *The District Council, or any labor organization, however, has neither the power nor the right to declare that a member of its union is not a "member in good standing," pursuant to 29 U.S.C. § 402(o).* That determination is to be made by the court.[10]

█ If either of Moore's suspensions from office, either by the District Council on March 27, 1980 or by Konyha on May 6, 1980, is to be characterized as a suspension from membership,[11] Moore remained a "member in good standing" pursuant to 29 U.S.C. § 402(*o*), because he did not receive a "full and fair hearing" as required by 29 U.S.C. § 411(a)(5).[12] The March trial does not constitute a "full and fair hearing," of course, because Konyha declared it a mistrial. The November trial on the Ochocki charges does not qualify because it was long after Moore was suspended and because Judge Thomas enjoined the effect of the result of the trial.[13]

Moore clearly was a "member in good standing" pursuant to 29 U.S.C. § 402(*o*) prior to and on June 13, 1980, the date of the election. The District Council argues that because Moore had been charged with misappropriating union funds, the District Council was entitled to declare Moore unqualified to be a candidate, pursuant to 29 U.S.C. § 481(e). As that section indicates, a union's "reasonable qualifications" for standing as a candidate for union office must be *uniformly imposed.* The cases that discuss "reasonable qualifications" demonstrate that these "reasonable qualifications" take the form of union *bylaws* or *rules. See, e.g., Local 3489, United Steelworkers of America v. Usery,* 429 U.S. 305, 307–09, 97 S.Ct. 611, 613–14, 50 L.Ed.2d 502 (1977); *Wirtz v. Hotel, Motel and Club Employees Union, Local 6,* 391 U.S. 492, 494–95, 88 S.Ct. 1743, 1745–46, 20 L.Ed.2d 763 (1968).

The District Council states in its brief that it "has consistently and uniformly applied the rule that officers who are suspended from office for fiscal irregularities are not qualified during the period of their suspension to run for office." The District

---

**9.** The Seventh Circuit has held that the "appropriate proceedings" mentioned in the "member in good standing" definition, is a reference to 29 U.S.C. § 411(a)(5). *Alvey v. General Electric Co.,* 622 F.2d 1279, 1284 n. 5 (7th Cir.1980); *Brennan v. Independent Lift Truck Builders Union,* 490 F.2d 213, 217 n. 6 (7th Cir.1974). That statute prevents a labor organization from "disciplining" a union member unless the member has been granted certain due process safeguards:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for non-payment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C.A. § 411(a)(5) (1975). This court agrees with the Seventh Circuit's conclusion that the words "appropriate proceedings" in § 402(*o*) refers to and encompasses § 411(a)(5). *See infra* note 12.

**10.** This court intends neither to express an opinion nor make a ruling as to whether this question is one of law or fact.

**11.** Although the court certainly does not intend to suggest such a conclusion, the court is proceeding with this line of analysis in case it has misconstrued the District Council's arguments.

**12.** *See supra* note 9. The court is not holding that Title I guarantees (specifically those included in 29 U.S.C. § 411(a)(5)) apply to the officer/union relationship. The court believes that § 402(*o*) dictates that the court consider § 411(a)(5) to determine whether Moore had a right to stand as a candidate pursuant to Title IV. The court's belief is supported by 29 C.F.R. § 452.50:

> Section 401(e) [29 U.S.C. § 481(e)] was not intended to limit the right of a labor organization to take disciplinary action against members guilty of misconduct. So long as such action is conducted in accordance with section 101(a)(5) [29 U.S.C. § 411(a)(5)], a union may, for example, if its constitution and bylaws so provide, bar from office for a period of time any member who is guilty of specific acts, such as strikebreaking, detrimental to the union as an institution. However, *if a union has improperly disciplined a member and barred him from candidacy, the Secretary may, in an appropriate case, treat him as a member in good standing entitled to all of the rights of members guaranteed by Title IV.*

29 C.F.R. § 452.50 (1982).

**13.** *See supra* note 4 and accompanying text.

Council also claims earlier in the same brief the following:

It has been a long standing rule of the United Brotherhood ... that officers charged with violating their duties as officers and who because of the seriousness of the charges, are suspended from office, ... and are ineligible to run for office ... The Rules of Procedure For Charges and Trials Under Section 15(D), Constitution and Laws of the United Brotherhood ..., reflects this long held rule of an organization more than 100 years of age. Paragraph [sic] 21 of the Rules states in pertinent part: "Any member so charged may be suspended from holding or being a candidate from office...."

The District Council then states that because Moore was charged with fiscal and managerial misconduct, he was ineligible to run for office.

According to the District Council's brief, then, Moore was deemed not qualified according to a union rule (paragraph 21). However, the Secretary and plaintiff Moore have pointed out to the Court the inaccurate representation embodied in the District Council's brief. During May 1980, when Moore was suspended from office and declared ineligible for candidacy by the Election Committee, paragraph 21 did not include the phrase "Any member so charged may be suspended from holding or being a candidate for office ...."[14] That phrase comes from paragraph 21 as subsequently amended, not from the text of paragraph 21

in existence at the time of the Election Committee's decision in May, 1980 that Moore was ineligible to run for office. The General Executive Board of the United Brotherhood changed paragraph 21 *after* Moore was declared ineligible to run for office.[15] Thus, contrary to the District Council's representation, during May, 1980, there was no "long standing rule," or *any* rule whatsoever of the United Brotherhood that dictated that a member charged with offenses against the union could be declared ineligible to run for office. Because Moore was declared ineligible based on a "qualification"[16] that was not embodied in any rule or bylaw of the United Brotherhood, this qualification *by definition* was not "uniformly imposed." Thus, the District Council's argument that Moore was "not qualified" fails. Moore clearly was qualified to stand as a candidate in the District Council's June 1980 election.

Even if the District Council's qualification were uniformly imposed, it clearly is not a "reasonable qualification" because the District Council has failed to provide "appropriate proceedings" prior to disallowing the candidacy of a "charged" member. The concept of "appropriate proceedings" is aptly explained in 29 C.F.R. § 452.49(a):

Unions may establish such other reasonable rules as are necessary to protect the members against leaders who may have committed serious offenses against the union. For example, a union may,

---

**14.** The entire text of paragraph 21, as it existed in May, 1980, is included in note 2, *supra.* Konyha included this version of paragraph 21 in his May 6, 1980 letter to Moore.

**15.** The General Secretary of the United Brotherhood sent a letter dated July 30, 1980, to Moore. The text of that letter is as follows:

Enclosed for your information is a copy of the Rules of Procedure For Charges and Trials Under Section 15 D of the Constitution and Laws *as amended at the June, 1980 meeting of the General Executive Board.*

Your attention is called to *amended Rule 21.*

At the meeting the Board acting under revised Rule 21 also voted to reaffirm its previous action to suspend you while the case against you is pending.

(Emphasis added.) Amended rule (or paragraph) 21 states as follows:

An officer, business representative, delegate or committeeman against whom charges are filed may be suspended from such office or position by majority vote of the General Executive Board, excluding any member who filed such charges, while the case is pending. *Any member so charged may be suspended from* holding or *being a candidate for office,* business representative, delegate or committeeman by majority vote of the General Executive Board excluding any member who filed such charges while the case is pending.

(Emphasis added.)

**16.** The qualification, according to the District Council, is that the candidate must not have any union charges pending against him.

*after appropriate proceedings,* bar from office persons who have misappropriated union funds, even if such persons were never indicted and convicted in a court of law for their offenses. *Of course, the union would have to provide reasonable precautions to insure that no member is made ineligible to hold office on the basis of unsupported allegations* and that any rights guaranteed by him by the constitution and bylaws are protected....

29 C.F.R. § 452.49(a) (1982) (emphasis added).

Rule 21, as amended, would allow an incumbent union officer seeking re-election to render ineligible his opponent merely by filing charges against the opponent before the election. The facts in this case demonstrate the inequities of amended Rule 21. Moore, the incumbent District Council Executive Secretary, was deemed ineligible to stand for re-election because Ochocki, a member of the General Executive Board of the United Brotherhood, filed charges against Moore. Perhaps Moore was an innovator or an upstart, an officer who was dedicated to reform of union politics and procedures. Perhaps the General Executive Board perceived Moore as an enemy.[17] The Ochocki charges, regardless of their merit, rendered Moore ineligible. This result flies in the face of Congress' pursuit of "a vital public interest in assuring free and democratic union elections...." *Wirtz v. Hotel, Motel and Club Employees Union, Local 6,* 391 U.S. at 497, 88 S.Ct. at 1747.

The Court finds that there is no issue of material fact in this action. Moore was unquestionably a "member in good standing" and he was qualified to be a candidate for office. By preventing him from standing as a candidate for office, the District Council violated 29 U.S.C. § 481(e).[18] The District Council also violated 29 U.S.C. § 481(e) by preventing the members of

Locals 186 and 268 and other members from voting or otherwise supporting the candidates of their choice. The Secretary and plaintiff Moore are entitled to Judgement finding the District Council's election for the office of Executive Secretary held on June 13, 1980, to be null and void and directing the District Council to conduct a new election for the office of executive secretary under the supervision of the Secretary of Labor.

---

**17.** Even if Moore actually committed the alleged offenses, he is entitled to "appropriate proceedings" (29 U.S.C. § 411(a)(5)) before he is prevented from standing as a candidate. *See supra* notes 9 and 12; 29 C.F.R. § 452.49(a) (1982).

**18.** Because the court has concluded that the District Council has violated § 481(e), a prima facie case that the violation "may have affected" the outcome of the June 1980 election exists. *See Wirtz v. Hotel, Motel and Club Employees Union, Local 6,* 391 U.S. at 506–07, 88 S.Ct. at 1751–52.