**William E. BROCK, Plaintiff,**

v.

**LOCAL 150, UNITED PAPERWORKERS INTERNATIONAL UNION, AFL–CIO, Defendant.**

**No. C85–2994A.**

United States District Court, N.D. Ohio, E.D.

Nov. 13, 1986.

Arthur I. Harris, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff.

Michael Hamilton, Nashville, Tenn., Thomas J. Kircher, Cincinnati, Ohio, for defendant.

DOWD, District Judge.

Presently before the Court is a motion by the Secretary of Labor (Secretary) seeking an order compelling the defendant, Local 150, United Paperworkers International Union, AFL–CIO (Local 150), to comply with the Secretary's supervisory instructions regarding new elections to be held by Local 150. Specifically, the Secretary seeks to compel Local 150 to allow Frank Walker to participate in the new elections. For the reasons stated below, the Secretary's motion is hereby granted.

The pertinent facts are as follows. Frank Walker, a member in good standing of Local 150, protested the elections held by Local 150 on December 12, 1984. These protests were made to the Executive Board of Local 150 in an undated letter. These protests included an allegation that the secret ballot requirement of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 481 *et seq.*, had not been met. The Executive Board denied the protest by letter dated January 10, 1985. Mr. Walker then sought various other avenues of internal relief including internal appeals to the United Paperworkers International Union (International). All of these attempts were unsuccessful. After receiving a final reply from the International, Mr. Walker sent a letter dated July 28, 1985 to Wayne Glenn, President of the International. In pertinent part the letter stated:

As far as I'm concerned this answer [denying the protests] just proves that you

and your Executive Board are in agreement with President Robert Meade and his Executive Board. Even though they are engaged in much wrong-doing to the members here at our plant. [sic] This includes election fraud and also Racketeering practice, along with not representing the Union members in settling their grievances properly, and sometimes just outright refusing to help them in any way.

On August 8, 1985, having exhausted his internal remedies, Mr. Walker filed a complaint with the plaintiff, Secretary of Labor, in accordance with § 402(a)(1) of LMRDA, 29 U.S.C. § 482(a)(1). The Secretary, after investigation, found probable cause to believe that a violation had occurred and had not been remedied at the time this action was instituted. The Secretary found that the secret ballot requirement of 29 U.S.C. § 481(b) had not been met and that the violation may have affected the outcome of the defendant's election results of December 12, 1984, for all offices.

On October 7, 1985, the Secretary filed his complaint in this Court seeking an order declaring the election of December 12, 1984 null and void. The Secretary further sought an order directing Local 150 to conduct a new election for all offices under its supervision.

█ Prior to the filing of the Secretary's complaint with this Court, but after Mr. Walker had filed a complaint with the Secretary, Robert Meade, the President of Local 150, instituted charges against Mr. Walker for violations of the constitutions and by-laws of both the Local 150 and the International. Meade charged Mr. Walker with a violation of the membership loyalty oath, a general violation of the laws of the international union, a refusal to abide by the decisions or policies of officers, engaging in activities detrimental to the welfare of the union and engaging in activities which bring the union into disrepute.[1] These charges stemmed out of Mr. Walker's letter of July 28, 1985 to the International President.[2] A "trial," presided over by George O'Bea, Vice-President of the International, was held on these charges on November 12, 1985. Mr. Walker did not appear at this trial but had another union member deliver a letter on his behalf to the trial board. Ultimately, Mr. O'Bea recommended that Mr. Walker be expelled from membership in Local 150. On December 6, 1985, Wayne Glenn, President of the International, informed Mr. Walker by letter that he was expelled from the "Union" effective December 16, 1985.

On January 28, 1986, after the Local 150 had filed its answer and discovery was conducted, the Secretary filed a motion for summary judgment on the ground that the secret ballot requirement had not been met. On February 10, 1986, Local 150 filed its response to the Secretary's motion for summary judgment. Local 150 conceded a technical violation of the secret ballot requirement but reserved the right to litigate the issue of whether Mr. Walker could be a candidate in any election in light of his expulsion from the "Union."

By order dated March 18, 1986, the Court granted the Secretary's motion for summary judgment. The Court declared the election held December 12, 1985 void and ordered new elections under the supervision of the Secretary. Specifically, the Court ordered:

> All decisions as to the interpretation or application of title IV of the Act, the International Constitution, or the Constitution and By Laws of Local 150, relating to the supervised election are to be determined by the plaintiff, and his decision shall be final and binding.

1. As an initial matter, the Court notes that Local 150 may interpret its constitutions and by-laws as it sees fit providing that the interpretation is neither illegal nor unreasonable. *See Taylor v. Great Lakes Seaman's Union, Local 5000, United Steelworkers of America,* 701 F.2d 590, 592 (6th Cir.1983).

2. Although the parties disagree as to the protection to be afforded to the contents of Mr. Walker's letter, they agree that Mr. Walker was expelled for the substance of his letter.

The Court also retained jurisdiction over the action pending certification of the newly elected officers.

Pursuant to his supervisory power over the elections, the Secretary ordered Local 150 to permit Frank Walker to participate in the union elections. Local 150 informed the Secretary that it would refuse to permit Mr. Walker to participate on the ground that he is no longer a member of the union and, according to the Union Constitution and By-Laws, only members of the Union are allowed to participate.

The Secretary has now filed a motion seeking an order to compel Local 150 to allow Mr. Walker to participate in the elections. Local 150 has filed a memorandum in opposition maintaining that Mr. Walker is not eligible to participate in the re-run elections as a result of his expulsion from the union.

The LMRDA sets forth a "Bill of Rights" which guarantees certain rights to members in labor organizations. Included in this bill of rights is a general right of free speech and assembly. 29 U.S.C. § 411(a)(2). Thus, members are granted the right to free speech provided that the labor organization retains the right "to adopt and enforce reasonable rules as to the responsibility of every member towards the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations." *Id.* Despite this broad grant of freedom of speech, Congress found it necessary to elaborate on this right in the context of union elections. Thus, members were given the right "to vote for or otherwise support the candidate or candidates of [their] choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof." 29 U.S.C. § 481(e).

■ It is the Secretary's position that Mr. Walker's expulsion was a violation of Mr. Walker's protected speech under the LMRDA, 29 U.S.C. § 411(a)(2), and therefore a violation of his right to support the candidate of his choice. 29 U.S.C. § 481(e). Conversely, Local 150 maintains that Mr.

Walker's letter of July 28, 1985, was not made in the course of his challenge to the election and thus would not constitute a violation of 29 U.S.C. § 481(e) even if it was a violation of 29 U.S.C. § 411(a)(2). The Court need not reach the question of whether a violation of a member's free speech right under 29 U.S.C. § 411(a)(2) becomes a violation of 29 U.S.C. § 481(e) by virtue of having occurred during the course of an election, for it is the opinion of the Court that Mr. Walker's expulsion was a violation of 29 U.S.C. § 481(e).

Congress passed the LMRDA to ensure that elections required to be held under the Act would remain free from the abusive and corrupt influences which plagued the unions for years. Thus, the Act's ultimate goal was to provide for "'free and democratic' elections" within the union. *Wirtz v. Hotel, Motel & Club Employees Union,* 391 U.S. 492, 88 S.Ct. 1743, 20 L.Ed.2d 763 (1968). Thus, any direct or indirect interference with the right to freely support the candidate of one's choice would hinder the goal of the Act.

■ From these broad democratic goals, it follows that the speech protected under this section includes not only the right to verbally support for a member's choice of candidates, but also a right to criticize election procedures and decisions which the member feels are in conflict with the democratic policies behind the LMRDA.

Viewed in this light, it is without question that Mr. Walker's rights under 29 U.S.C. § 481(e) were violated by his expulsion from the union. Mr. Walker was expelled from the "union" because of his letter of July 28, 1985 to the President of the International. Although the letter referred to "election fraud and Racketeering," it is apparent that Mr. Walker's letter was sent as a criticism of the failure of the International and Local 150 to remedy the violations of elections which had been held. As such, Mr. Walker's expulsion violated his rights under 29 U.S.C. § 481(e).

■ A union may prohibit properly disciplined and expelled members from participating or running in elections. However,

when a union seeks to prohibit such participation, it may not do so in violation of the LMRDA. *See Donovan v. United Counties Carpenters District Council,* 561 F.Supp. 791 (N.D.Ohio 1983), *aff'd* 735 F.2d 1363 (6th Cir.1984). In *Donovan,* a union member had been prohibited by the union from running in its elections, because charges had been filed against him by other union members. The Secretary of Labor brought suit to have the election set aside after the member had been excluded from the elections. The union member was permitted to intervene. This Court found that the union member had not received a "full and fair hearing" as required by 29 U.S.C. § 411(a)(5), and that the suspension of the member from participating in the elections was illegal. *Id.* at 797. Thus, this Court held that the union's exclusion of the member violated 29 U.S.C. § 481(e).

■ Title 29 of the Code of Federal Regulations § 452.50 provides that "if a union has improperly disciplined a member and barred him from candidacy, the Secretary may, in an appropriate case, treat him as a member in good standing, entitled to all of the rights guaranteed by Title IV." The Court finds that this case is such an "appropriate case" despite Local 150's argument that "if setting aside [Walker's] expulsion signifies his reinstatement, it would be the international union he would be reinstated to. The Secretary, not having made the international a party to the case, cannot properly be given a remedy against it for a wrong he maintains it committed." Defendant's Memorandum in Opposition at 5.

If Local 150's argument would stand then a violation of 29 U.S.C. § 481(e) would be insulated from the remedial powers of the Secretary or a Court simply by having an international illegally expel a union member during an action between the Secretary and a defendant local. The Court does not believe that Congress intended a violation to be so easily skirted. As stated in *Donovan v. Local 299,* 515 F.Supp. 1274, 1285 (E.D.Mich.1981), the Secretary "should adopt an active role [in the supervision of re-run elections] and step in and correct infractions as they occur and

should not assume a passive role of non-interference on the threat of setting aside the resulting election."

Here the Secretary has taken steps to ensure that the new elections ordered by the Court be done in a legal and speedy manner. Local 150, its statements as to local and international membership notwithstanding, has failed to address the implications of the effects of a local membership on international membership as well as the effect of international membership on local membership.

Furthermore, this Court notes that the expulsion of Mr. Walker was initiated by the president of Local 150, that the "trial" took place at Local 150, and that the letter from George O'Bea, vice-president of the International, recommended that Mr. Walker "be expelled from membership in Local 150." *See* Exhibit 1(K) of the Secretary's motion for order compelling compliance.

For these reasons, the Court orders that Local 150 comply with the Secretary's instruction that Frank Walker be permitted to participate fully in the re-elections which the Court previously ordered to be held.

IT IS SO ORDERED.